IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL EVANS,

    Petitioner,

  v.

GUY HILL,

    Respondent.

Case No. 6:15-cv-00500-JE

FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

    In September 1992, petitioner was convicted of two counts of Robbery in the Second Degree and sentenced to concurrent 10-year sentences which were to be served consecutively to a previously-imposed sentence from the State of Washington. Respondent's Exhibit 101. When petitioner began serving his Oregon sentence in February 2012, the Oregon Board of Parole and Post-Prison Supervision ("the Board") determined that his Oregon prison term would be 38 months. Accordingly, it set his release date at April 6, 2015. Respondent's Exhibit 103, pp. 97-99. Petitioner

took administrative and state judicial appeals from this decision, but was unsuccessful.

On March 26, 2015, petitioner filed his Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2254. He alleges that the Board miscalculated his criminal history risk score and aggravating factors in violation of his right to due process. He asks the court to declare the Board's 2012 Order null and void and invalidate his 38-month prison term.

The State timely filed its Answer and Response to the Petition wherein it asserts that because petitioner was released from prison to parole on April 6, 2015, this case is moot and should be dismissed with prejudice. Although petitioner's supporting memorandum was due on December 28, 2015, he has not filed such a document with the court or offered any other communication in this case. In this respect, it appears petitioner has abandoned this case.

The court has nevertheless reviewed the Petition in light of the record and determined that petitioner's release to parole moots his habeas corpus challenge where he can no longer allege that he is illegally confined pursuant to the Board's 2012 Order, and the court cannot offer him the relief he seeks. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Burnett v. Lampert*, 432 F.3d 996, 1000-1001 (9th Cir. 2005) (inmate's challenge to parole deferral is moot after he was released to parole because the court cannot redress the alleged injury with a favorable

decision). Accordingly, the Petition for Writ of Habeas Corpus should be dismissed.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be dismissed and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that this action no longer presents an actual controversy.

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  23rd  day of February, 2016.

                                        __/s/John Jelderks_____
                                            John Jelderks
                                            United States Magistrate Judge